**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| LEVERN JOYNER, | : | |
| Plaintiff | : | |
| VS. | : | |
| STEVE UPTON, *et al.*, | : | NO. 5:10-cv-119 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **LEVERN JOYNER,** an inmate at Georgia Diagnostic and Classification Prison ("GD&CP") in Jackson, Georgia, has tendered a "Motion for Emergency Injunction," construed as a civil rights complaint. He also seeks leave to proceed *in forma pauperis* (Tab # 2).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. ***See Rivera v. Allin***, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff, while incarcerated, has filed several civil actions in federal court. At present, three of the

complaints were dismissed pursuant to 28 U.S.C. § 1915 for frivolity, malice, or failure to state a claim upon which relief may be granted. *Joyner v. Smith*, 4:07-cv-140-HLM (N.D. Ga. Aug. 2, 2007); *Joyner v. Stepp*, 1:07-cv-44-TWT (N.D. Ga. Feb. 8, 2007); and *Joyner v. Upton*, 1:06-cv-1401-TWT (N.D. Ga. June 27, 2006).

As plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff requests that this Court issue an order directing officials at GD&CP to rule upon his grievance relating to a January 7, 2010 incident of violence involving plaintiff and other inmates. Plaintiff makes no allegations that he was under "imminent danger of serious physical injury" on March 23, 2010, the date he signed his motion.

Because plaintiff has three prior strikes and does not appear to be in imminent danger of serious physical injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 29th day of March, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr